UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FELTON MACKIEHOWELL,

          Plaintiff,                      Case No. 1:21-cv-535

v.                                             Honorable Janet T. Neff

GRETCHEN WHITMER et al.,

          Defendants.
_____/

## **OPINION**

        This is a civil rights action originally brought under 42 U.S.C. § 1983 by thirteen state prisoners housed at the Lakeland Correctional Facility (LCF). On June 22, 2021, the Court denied the request for a class action certification and severed the claims of the thirteen prisoner-plaintiffs into separate actions. (ECF No. 36.) Each plaintiff, including Plaintiff Mackiehowell, was ordered to file an amended complaint containing only the allegations relevant to that Plaintiff. (*Id.*) Plaintiff Mackiehowell now has filed an amended complaint (ECF No. 37) and a motion to amend and/or supplement the complaint (ECF No. 39). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*,

504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility.

Plaintiff sues Governor Gretchen Whitmer, MDOC Director Heidi E. Washington, Warden Bryant Morrison, Deputy Warden Robert Ault, Acting Administrative Assistant Janet Traeore, Doctor Margaret Quellete, Medical Provider E. Coe Hill, Registered Nurse Lori Blue, Law Librarian Linda Thompson, Resident Unit Manager Timothy Shaw, Resident Unit Manager Scott Cline, Corrections Officer Unknown Part(y)(ies), and Corrections Officer Unknown Minor. Plaintiff also names Prisoner Counselors Karen Kowalski, Shawanda Cope, Patrick Daniels, Kevin Dirchell, and Denis Randell.

In his amended complaint (ECF No. 37), Plaintiff alleges that beginning in March of 2020, COVID-19 infections at LCF were rampant and Defendants failed to adequately protect inmates, including Plaintiff, from infection. Plaintiff states that he became infected and suffered from shortness of breath, fatigue, loss of smell and taste, diarrhea, fevers and cold sweats, abnormal heart beats, and heart flutters. Plaintiff also claims that he has not received any testing to determine the extent of the damage caused to his body by COVID-19. Plaintiff asserts that LCF was again under quarantine due to new positive cases of COVID on July 7, 2021, and that another prisoner died of the virus on July 3, 2021.

Plaintiff claims that from the beginning of the pandemic, Defendants failed to institute a true quarantine, and infected staff members were free to move in and out of facilities,

2

placing prisoners in imminent danger of becoming infected. Plaintiff alleges that there was an initial exposure to a COVID-19 positive case from the E2 unit on the Westside Yard in March of 2020, but that no notice was given to the population until the virus had spread to the Eastside Yard 48 hours later. The virus spread to B5 unit, C5 unit, Rec, and D-building, as infected prisoners were placed with uninfected prisoners, all sharing the same common areas. Plaintiff asserts that each of the named Defendants knew or should have known of the imminent danger posed to Plaintiff and other prisoners by COVID-19 but failed to act in accordance with their duties to protect Plaintiff from the virus or to ensure that he could access the appropriate process to gain early release from prison.

In his motion to amend and supplement pleadings, Plaintiff seeks to add new Defendants to his action. (ECF No. 39.) Plaintiff's motion names Deputy Warden Troy Chrisman, Kirsten Losinski, Counselor Markiyroe Garrett, Business/Mailroom Manager Sue Middlestadt, Mailroom Employees Christine Boden and Michael Stevens, Accounting Assistant Jessica Jones, Lieutenant Christiana Borst, Lieutenant Frank Sobrieski, and Health Unit Manager Nathan Mikel. However, Plaintiff's supplemental pleading is entirely conclusory. Nowhere in Plaintiff's motion does he allege any specific facts against any of the individuals he seeks to add to this action.

Plaintiff appears to be claiming that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

3

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Eighth Amendment**

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish

4

those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

The assertions made by Plaintiff against the named Defendants are entirely conclusory. In fact, Plaintiff fails to specifically name any of the Defendants in the body of his complaint or to identify any actions by Defendants which resulted in a denial of Plaintiff's Eighth Amendment rights. Plaintiff merely asserts that Defendants as a group are responsible for the failure to protect prisoners at LCF from COVID-19 virus by virtue of their job duties. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See*

*Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed

IV. **Supplemental and amended pleadings**

As noted above, Plaintiff has filed a motion to amend and/or to supplement the complaint, in which he seeks to add new Defendants to his action. (ECF No. 39.) Plaintiff's motion names Deputy Warden Troy Chrisman, Kirsten Losinski, Counselor Markiyroe Garrett, Business/Mailroom Manager Sue Middlestadt, Mailroom Employees Christine Boden and Michael Stevens, Accounting Assistant Jessica Jones, Lieutenant Christiana Borst, Lieutenant Frank Sobrieski, and Health Unit Manager Nathan Mikel. However, Plaintiff's supplemental pleading, like his original and first amended complaints, is entirely conclusory. Nowhere in

6

Plaintiff's motion does he allege any specific facts against any of the individuals he seeks to add to this action. Therefore, even if the Court allowed Plaintiff to add these individuals to this action, his claims against them would fail because they are entirely conclusory. Accordingly, Plaintiff's motion to amend and/or supplement the complaint (ECF No. 39) is properly denied as futile.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated: November 24, 2021        /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge

7